# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CCHEHRAZIFORNIA

| | |
|---|---|
| MYRNA DIAZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 2:17-CV-08639-AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff seeks review of the Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter is now ready for decision.

**BACKGROUND**

Plaintiff applied for disability insurance benefits and supplemental security income in 2014, alleging that she became disabled on June 23, 2012. Plaintiff's claims were denied initially. A hearing was held before an Administrative Law Judge ("ALJ") on May 10, 2016, at which Plaintiff, and Vocational Expert ("VE") were present. (AR 248-99.) Plaintiff was not represented by counsel at the hearing. The

ALJ issued a decision on August 25, 2016, denying Plaintiffs' claim for benefits. (AR 73-85.) The Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. (AR 1-7.) This civil action followed.

**DISPUTED ISSUE**

Whether the ALJ provided a legally sufficient basis for discounting the opinion of examining psychologist, Avazeh Chehrazi, Ph.D.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

**DISCUSSION**

Plaintiff contends that the ALJ improperly rejected portions of the opinion of the examining psychologist, Dr. Chehrazi. For the following reasons, Plaintiff's contention lacks merit.

The medical opinion of a claimant's treating or examining physician is entitled to controlling weight so long as it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial

2

evidence in the record. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). If the physician's medical opinion is uncontradicted, the ALJ may only reject it based on clear and convincing reasons. *Trevizo*, 871 F.3d at 675; *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If the physician's opinion is contradicted, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record before rejecting it. *Trevizo*, 871 F.3d at 675; *Ghanim v. Colvin*, 763 F.3d 1154, 1160-1061 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo*, 871 F.3d at 675 (citations and internal quotation marks omitted).

The ALJ here accorded significant weight to most of Dr. Chehrazi's opinion, but gave little weight to the portion of Dr. Chehrazi's opinion that Plaintiff would have severe difficulty complying with job rules such as safety and attendance. (AR 82, 648.) In doing so, the ALJ explained that Dr. Chehrazi's opinions were not supported by the record:

> There is no evidence to suggest that the claimant would have significant problems in this area of functioning. The claimant arrived "early" to the consultative psychological examination and she arrived "on time" to the consultative neurological examination (Exhibits 5F/3; 15F/1 [A.R. 643; 901]). There is no evidence of any significant problems with attending her doctors' appointments in a timely fashion or following her healthcare providers' advice on treatment. While the claimant testified to limited activities of daily living, there was no suggestion that she had problems keeping herself safe. Furthermore, the functional report completed by Ms. Perez indicates that the claimant attends parent conferences for her child, and did not mention that she has difficulty arriving at these events in a timely manner (Exhibit 3E [A.R. 407-416]).

(AR 82.)

An ALJ's conclusion that an examining or treating physician's opinion lacks evidentiary support in the record is a clear and convincing (and specific and legitimate) basis for discounting that opinion. *See King v. Comm'r of SSA*, 475 F. App'x 209, 210 (9th Cir. 2012) (an ALJ's rejection of an examining physician's opinion because of "the absence of mental health treatment records" was a clear and convincing reason); *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995) (inadequate clinical findings provide clear and convincing reasons for ALJ to reject treating physician's opinion); *Payne v. Astrue*, 2009 WL 176071, at *6 (C.D. Cal. Jan. 23, 2009) (same); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject a treating physician's opinion that is inconsistent with other medical evidence, including the physician's own treatment notes); *Batson*, 359 F.3d at 1195 (ALJ may discredit treating physician's opinions that are unsupported by the record as a whole or by objective medical findings).

Here, the ALJ's conclusion is supported by substantial evidence in the record. First, as the ALJ noted, there was no suggestion in the record that Plaintiff had problems keeping herself safe, and the ALJ further observed that Plaintiff could perform certain daily activities without any identified safety problems. (AR 82.) Plaintiff's briefing has cited to no evidence indicating that the ALJ erred in this regard. Second, the ALJ pointed to the evidence in the record that Plaintiff arrived early or on time to her appointments for a consultative neurological examination and for a consultative psychological examination. (AR 82, citing AR 643, 901). The ALJ further stated that there was no evidence that Plaintiff had any significant problems attending doctors' appointments in a timely fashion or following the advice of healthcare providers. (AR 82.) Again, the cited evidence in the ALJ's decision substantially supports these findings.

Plaintiff objects that the ALJ improperly characterized the record and points to function reports prepared by Plaintiff (AR 429-37) and Plaintiff's friend Marcela Perez. (AR 407-15.) As to Plaintiff's own function report, the ALJ considered

Plaintiff's subjective symptom reports and concluded that the evidence did not support the subjective limitations set out in her written report and her testimony. (AR 83.) Plaintiff has not challenged this finding regarding her symptoms, and the ALJ could properly reject Dr. Chehrazi's opinion to the extent it was based on Plaintiff's self reports. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). With regard to the function report prepared by Ms. Perez, it states that Plaintiff's daughter drives her to doctor visits "most of the time" (AR 411), but does not indicate that this causes Plaintiff to miss appointments. As to parent conferences at school, Ms. Perez stated that Plaintiff needed to rest before going to the school (AR 412), but did not state any problem concerning safety or attendance. Ms. Perez also stated that Plaintiff's daughter drives Plaintiff to doctor visits, parent conferences and shopping. (AR 10.) But this need for transportation does not indicate that Plaintiff would have poor attendance or that she would have difficulty in following safety rules at work. Indeed, Ms. Perez reported that Plaintiff follows spoken instructions "well" and writes down written instructions on her calendar. (AR 412.) In addition, it was stated by Ms. Perez that Plaintiff gets along "great" with authority figures including bosses. (AR 413.) In short, Plaintiff has not pointed to any objective evidence contradicting the ALJ's conclusion regarding Dr. Chehrazi's opinion as to compliance with job rules such as safety and attendance.

For the foregoing reasons, IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: 10/9/2018

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE